# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DAVID SHABANI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-983-VEH |
| | ) |
| CITY OF GADSDEN, ALABAMA, a | ) |
| municipal corporation, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

### I.  Introduction

This lawsuit originated in the Circuit Court of Etowah County on October 26, 2010. (Doc. 1 at Ex. C at 6). Defendant City of Gadsden (the "City") removed the action to this court on March 28, 2012, on the basis of Plaintiff David Shabani's ("Mr. Shabani") amended complaint which presented a federal question. (Doc. 1 at 3).

Pending before the court is the City's Motion To Dismiss (Doc. 3) (the "Motion") filed on June 27, 2012. The Motion seeks "to dismiss the plaintiff's amended complaint and then remand this case to the Circuit Court of Etowah County." (*Id.* at 1). The City also has filed a supporting brief. (Doc. 4).

Mr. Shabani has not opposed the Motion which under Appendix III to the court's uniform initial order was due on July 11, 2012.  (Doc. 2 at 22 ¶ B.2 ("The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.")).  For the reasons explained below, the Motion is due to be granted.

## II.    Standards

### A.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint.  *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.    Mr. Shabani's Failure to Oppose**

Mr. Shabani's failure to file any opposition to the Motion is not without significant repercussions. As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

Courts are not obligated to read a party's mind or to construct arguments

3

that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, *1.

### III.  Analysis

#### A.  Background

This dispute centers upon "three multi-family residences (one duplex building and two four-unit buildings) located at 936 South 11th Street, Gadsden, Alabama" owned by Mr. Shabani. (Doc. 4 at 1). On November 20, 2009, the City, through its agent, Building Official Brian Harbison ("Mr. Harbison") "issued an order to abate nuisance by repair or removal of the structures within one hundred twenty days." (Doc. 4 at 1).

Mr. Shabani contested this order by filing suit in the Circuit Court of Etowah County on October 26, 2010. (Doc. 1 at Ex. C at 6). After conducting a hearing, the

state court ordered Mr. Shabani "to demolish the two four-unit buildings" and if he did so "on or before May 8, 2011, then the City of Gadsden was ordered to issue a building permit for renovation and rehabilitation of the duplex . . . ." (Doc. 4 at 2; *see also* Doc. 1 at Ex. C at 21).

Mr. Shabani unsuccessfully sought to alter, amend, or vacate the state court order. (Doc. 1 at Ex. C at 23). Mr. Shabani also filed a notice of appeal to the Supreme Court of Alabama, which was dismissed on August 8, 2011, as "a non-final, non-appealable order." (*Id.* at 44).

Mr. Shabani then filed a motion to dismiss in the circuit court (suggesting that he no longer had title to the subject property) on August 9, 2011, and followed this with an amended complaint on March 15, 2012. (*Id.* at 45, 50-52). Within this new pleading, Mr. Shabani attempts to formulate a second count to his complaint and for the first time alleges Fourth Amendment constitutional violations against the City (Doc. 1 at Ex. C at 50-51), thereby triggering federal question jurisdiction.

### B.     Mr. Shabani's Amended Pleading

Mr. Shabani's primary contention set forth in his amended complaint appears to be that the City has wrongfully withheld the issuance of a building permit with respect to the duplex. However, noticeably absent from his pleading is any factual averment that he has complied with the order of demolition concerning the four-unit

buildings, a prerequisite to any building permit issuance by the City.

Mr. Shabani also complains that the appeal of the circuit court case should have resulted in a stay, that Mr. Harbison kicked in doors at the apartments, and that the City improperly cited him for trash violations. Having studied the amended pleading, the court is in agreement with the City that the starkness and conclusory nature of Mr. Shabani's allegations either have nothing to do with it (like the stay) or seek to impose liability on the City due to isolated incidents of its agents and, regardless, do not plausibly support a Fourth Amendment constitutional claim against it. *See, e.g., Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611(1978) ("In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *see also City of Canton v. Harris*, 489 U.S. 378, 387, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989) ("Nor, without more, would a city automatically be liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner, for liability would then rest on *respondeat superior*."); *cf. Gold v. City of Miami*, 151 F.3d 1346, 1351 ("To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a

deliberate choice not to take any action.").

Mr. Shabani's constitutional conspiracy claim is likewise devoid of any facts which establish its plausibility.  Additionally, the City is correct that it is absolutely immune from Mr. Shabani's punitive damages claim. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981) ("Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").

### III. Conclusion

Therefore, in light of the absence of any objection from Mr. Shabani and based upon the foregoing analysis, the Motion is due to be granted as unopposed and on the merits.  Further, because no federal claims will be pending, the remainder of the lawsuit, in the court's discretion, is due to be remanded to the Circuit Court of Etowah County pursuant to 28 U.S.C. § 1367(c)(3) (declining to exercise supplemental jurisdiction is appropriate when "the district court has dismissed all claims over which it has original jurisdiction").  The court will enter a separate order.

**DONE** and **ORDERED** this the 20th day of July, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge